# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC PAUL GALLUP and
KENNETH LEE ROBERSON,

           Plaintiff,

      -vs-                                Case No.   12-cv-1264

SHERIFF SCHMAELING,
CAPTAIN WEARING,
CITY OF RACINE,

           Defendants.

## DECISION AND ORDER

The plaintiffs, Eric Paul Gallup and Kenneth Lee Roberson, prisoners proceeding *pro se*, filed a joint complaint in the above captioned action. This matter comes before the Court on the plaintiffs' motions for leave to proceed *in forma pauperis*, several other motions and requests filed by the plaintiffs, and for screening of the complaint.

### I. MOTIONS FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Pursuant to the Prison Litigation Reform Act (PLRA), and the decision of the Court of Appeals for the Seventh Circuit in *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), each prisoner is required to pay the statutory filing fee of $350.00. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*.

Eric Paul Gallup has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $28.33 and has paid a total of $158.33 toward his filing fee in this case.

Kenneth Lee Roberson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $17.97 and has paid a total of $35.94 toward his filing fee in this case.

The Court will grant each plaintiff's motion for leave to proceed *in forma pauperis*.

## II. SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead

2

specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state

3

law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiffs' complaint includes four claims challenging policies at the Racine County Jail (Jail).

First, they challenge the uniform and laundry procedures at the Jail that cause them to be naked or be confined with others who were naked for prolonged periods of time on a weekly basis. The plaintiffs submit that the Jail's policy of giving them only one orange uniform means that they are without their uniforms for four to six hours each week while the uniforms are washed. When someone is arrested, the Jail takes away any underwear that is not entirely white or that has buttons. White underwear is available for purchase, but some indigent inmates do not have the resources to purchase underwear. As a result, during the laundry process each week, inmates with undergarments are left wearing only undergarments. Inmates without undergarments are left nude. The plaintiffs consider these dehumanizing conditions and argue that they create the threat of sexual assault.

Second, the plaintiffs submit that the Jail's policies prevent them from engaging in regular physical activity. Although the Jail has indoor and outdoor recreation facilities, the vast majority of inmates are not allowed to use them. They must remain in

4

either their small cells or the dayroom, where there is a lack of space for activity. Also, the fact that inmates have only one uniform discourages physical activity because it must be worn at all times, even when exercising, and it is only laundered once a week. So an inmate who exercises and sweats in his uniform must continue wearing the sweaty (and possibly smelly) uniform until laundry day.

Third, the plaintiffs assert that there are excessive lockdowns at the Jail for non-security reasons. In particular, the plaintiffs complain of the practice of inmates being locked in their cells and unable to access the dayroom during dayroom hours due to insufficient staff. This practice hinders the plaintiffs' ability to meet with their attorneys or other visitors, including clergy, who wait in the hall with no answer when a unit is on lockdown. The plaintiffs also allege that medical emergency buttons remain unanswered during these lockdowns.

Fourth, the plaintiffs present a due process claim regarding restrictions of their privileges and liberties without due process. One inmate in the plaintiffs' unit misused the vending machine on September 24, 2012. That inmate was not punished, but the vending machines and microwave were turned off and no one was allowed to use them. Then, on October 16, 2012, the vending machines and microwave were removed from the unit, along with a computer kiosk that allowed inmates to check their account balances, order items from the commissary, communicate with their families through limited e-mail, and access the Jail rules and information. These are privileges that the Jail's inmate handbook says are available

5

to medium security inmates and that medium security inmates in other housing units of the Jail still have.

The Seventh Circuit discusses the rights of pretrial detainees in *Antonelli v. Sheahan*, 81 F.3d 1422, 1427-28 (7th Cir. 1996):

> The Eighth Amendment prohibits "cruel and unusual punishment" of a prisoner. U.S. Const. amend. VIII. In order to violate the Eighth Amendment, the condition of confinement must be a denial of "basic human needs" or "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The infliction must be deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable. *Miller v. Neathery*, 52 F.3d 634, 638 (7th Cir.1995) (discussing *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)); *Duckworth v. Franzen*, 780 F.2d 645, 652–53 (7th Cir.1985), cert. denied, 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986). The Due Process Clause prohibits any kind of punishment—not merely cruel and unusual punishment—of a pretrial detainee. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1872 n. 16, 60 L.Ed.2d 447 (1979); *Salazar v. City of Chicago*, 940 F.2d 233, 239–40 (7th Cir.1991); *see also Anderson v. Gutschenritter*, 836 F.2d 346, 348–49 (7th Cir.1988). A condition of confinement may be imposed on a pretrial confinee without violating the Due Process Clause if it is reasonably related to a legitimate and non-punitive governmental goal. It may not be arbitrary or purposeless. *Bell*, 441 U.S. at 539, 99 S.Ct. at 1874. "Retribution and deterrence are not legitimate nonpunitive governmental objectives." *Id.* at 539 n. 20, 99 S.Ct. at 1874 n. 20. Therefore, the infliction may not derive from an intent to punish. "Such a course would improperly extend the legitimate reasons for which such persons are detained—to ensure their presence at trial." *Sandin v. Conner*, 515U.S. 472, ——, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995). Also, there "is no

6

> doubt that preventing danger to the community is a legitimate regulatory goal," *United States v. Salerno*, 481 U.S. 739, 747, 107 S.Ct. 2095, 2101, 95 L.Ed.2d 697 (1987), that may, "in appropriate circumstances, outweigh an individual's liberty interest," *id.* at 748, 107 S.Ct. at 2102. A prison official violates the constitutional rights of a pretrial detainee only when he acts with deliberate indifference. Conduct is deliberately indifferent when the defendant acts in an intentional or criminally reckless manner. *Salazar*, 940 F.2d at 238.

In light of the foregoing, the plaintiffs will be allowed to proceed on their laundry, recreation, and excessive lockdown claims. They will not be allowed to proceed on their claim regarding the vending machines, microwave, and kiosks. Clothing, recreation, and liberty, including visits with attorneys, implicate basic human needs. Vending machines, microwaves, and kiosks do not. Their removal does not implicate the plaintiffs' constitutional rights, even if the Jail handbook states that these privileges are available to medium security inmates.

The plaintiffs have named three defendants: Sheriff Schmaeling, Captain Wearing, and the City of Racine. The City of Racine is not the municipal entity that runs the Jail, and it will be dismissed. In his subsequent motion to amend, Gallup wants to change this defendant to Racine County. However, that is unnecessary since the plaintiffs have already named defendants Schmaeling and Wearing in their official capacities, which is the equivalent of a claim against Racine County. *See Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008) (An official capacity suit is tantamount to a claim against the government entity itself.). In order to succeed on their claims, the plaintiffs must show that the policies

7

they challenge were the direct cause or moving force behind a constitutional violation. *See Hunter v. Amin*, 583 F.3d 486 (7th Cir. 2009).

### III. PLAINTIFFS' MOTIONS

The Court will now address the motions and requests from the parties.

Gallup has filed a motion to appoint counsel, a motion for order to show cause, a motion for temporary restraining order, and a motion to amend the complaint. Each of these was filed with just his signature. He asserts in the motions that he has been designated by the other named plaintiffs to make decisions and file motions with the court. That is not allowed. Each plaintiff is required to sign every pleading filed in their case; and each signature conveys all of the representations specified by Rule 11(b) for the entire complaint. *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). Accordingly, the motions do not apply to Roberson.

Gallup asks for counsel for this case and suggests that this could be a class action enveloping many more current and former inmates at the Racine County Jail as plaintiffs. He had generally averred that he has made unsuccessful efforts to obtain counsel on his own, but he has provided no evidence of those attempts. Consequently, this motion will be denied without prejudice because a showing of a reasonable attempt to secure counsel is a threshold requirement before the Court will consider whether to recruit pro bono counsel. *See Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).

Along with his motion to appoint counsel, Gallup filed a motion for order to

8

show cause and a motion for temporary restraining order. He seeks an immediate change to the laundry policy while this case is pending.

In order to obtain a temporary restraining order, the applicant has the burden of showing: (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm if injunctive relief is denied. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). If the petitioner satisfies the initial three-step burden, the Court must balance the irreparable harm to the nonmoving party if the injunction is granted against the irreparable harm to the moving party if the injunction is denied. *Id*. The Court also must consider the effect of the injunction on nonparties. *Id.* At this stage in the litigation, Gallup has presented nothing more than the allegations in his complaint and therefore has not shown a reasonable likelihood of success on the merits. Additionally, this case is the plaintiff's adequate remedy at law. Gallup's motions for immediate injunctive relief will be denied.

Next, Gallup filed a motion to amend the complaint. He attached a new request for relief section and described a few other minor changes. In addition to the problem that this motion does not apply to both plaintiffs, it does not comply with Civil Local Rule 15 because Gallup did not reproduce the entire pleading as amended or attached a full proposed amended pleading to his motion. This motion will be denied.

Finally, Roberson has asked the Court if he can put on hold his payment process and his complaint. He represents that he is unable to make any kind of payment due

to his child support obligations. He says that he will not have enough money to cover his monthly payment of $17.97. However, the amount of the payment changes each month, depending on the amount of money plaintiff receives during that month. "20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The Court cannot alleviate the plaintiff's partial filing fee obligation because the plaintiff incurred the filing fee when he filed this complaint and the collection of the remainder of the fee is mandatory and governed by statute. *See* 28 U.S.C. § 1915(b).

However, if Roberson wants to stay this case for a while and Gallup wants to amend the complaint, the Court anticipates that the plaintiffs are going to have trouble pursuing this action together. The Court reminds the parties that each and every document filed with the Court must have both plaintiffs' signatures to apply to both parties. One *pro se* litigant cannot represent another. In order to ease the plaintiffs' logistical problems, the Court is willing to sever these cases and allow each plaintiff to proceed separately. There would be no additional filing fees due, but each plaintiff would be able to litigate for himself without having to communicate with or get the signature of the other.

The plaintiffs shall advise the court within 21 days of this order whether they would like to sever this case into two separate cases. If either of the parties indicates to the Court that he would like to sever, the Court will enter an order doing that. The Court also would be willing to temporarily stay Roberson's severed case, if he wishes to do that.

10

## IV. ORDER

**IT IS THEREFORE ORDERED** that plaintiff Eric Paul Gallup's motion for leave to proceed *in forma pauperis* (Docket #2) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff Kenneth Lee Roberson's motion for leave to proceed *in forma pauperis* (Docket #5) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff Eric Paul Gallup's motion to appoint counsel (Docket #11) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff Eric Paul Gallup's motion for order to show cause (Docket #13) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff Eric Paul Gallup's motion for temporary restraining order (Docket #13) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff Eric Paul Gallup's motion to amend the complaint (Docket #18) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff Kenneth Roberson's request to stay case (Docket #21) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff Kenneth Roberson's request to stay filing fee payments (Docket #21) is **denied**.

**IT IS FURTHER ORDERED** that the City of Racine is **dismissed** as a defendant in this action.

11

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon defendants Sheriff Schmaeling and Captain Wearing pursuant to Federal Rule of Civil Procedure 4. The plaintiffs are advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that defendants Schmaeling and Wearing shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that each plaintiff shall file a letter with the Court within 21 days of this Order indicating whether he wishes to sever his case from the other plaintiff.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff Kenneth Lee Roberson's prison trust account the $314.06 balance of the filing fee by collecting monthly payments from Roberson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The

payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Racine County Sheriff shall collect from the plaintiff Eric Paul Gallup's prison trust account the $191.67 balance of the filing fee by collecting monthly payments from Gallup's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of Waupun Correctional Institution and the Racine County Sheriff.

**IT IS FURTHER ORDERED** that plaintiff Eric Paul Gallup shall submit all correspondence and legal material to:

>Honorable Rudolph T. Randa
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Prorgram, plaintiff Kenneth Lee Roberson shall submit all correspondence and case filings

13

to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Green Bay Correctional Institution and Waupun Correctional Institution and, therefore, if the plaintiff is no longer incarcerated at either institution, he will be required to submit all correspondence and legal material to:

> Honorable Rudolph T. Randa
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

Gallup is notified that from now on, plaintiffs are required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiffs should also retain a personal copy of each document. If the plaintiffs do not have access to a photocopy machine, they may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

Documents filed by Roberson pursuant to the e-filing project do not need to be served on the defendants.

The plaintiffs are further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

14

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 10th day of September, 2013.

**SO ORDERED,**

_____
**HON. RUDOLPH T. RANDA
U. S. District Judge**