# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC PAUL GALLUP and
KENNETH LEE ROBERSON,

           Plaintiffs,

      -vs-                                     Case No.   12-cv-1264

SHERIFF SCHMAELING and
CAPTAIN WEARING,

           Defendants.

## DECISION AND ORDER

On September 10, 2013, the Court entered an order screening the plaintiffs' complaint and resolving a number of motions. The Court also directed each plaintiff to file a letter indicating whether he wishes to sever his case from the other plaintiff. Plaintiff Eric Paul Gallup filed a request to sever plaintiffs, along with a motion for reconsideration. Plaintiff Kenneth Lee Roberson subsequently filed a motion to withdraw. These matters are now before the Court.

In his motion to withdraw, Roberson asks to withdraw and discontinue his claim. He states that he does not know what is going on and has no communication with the other plaintiff. Roberson is unaware of Gallup's motions and correspondence with the Court. This motion will be granted, and Roberson's claims will be dismissed without prejudice.

As a result of Roberson's withdrawal, the Court does not need to sever this case and will turn to Gallup's motion for reconsideration. Gallup asks the Court to reconsider its dismissal of his due process claim with regard to the removal of vending machines, microwave, and kiosks from the living area. Gallup asserts that the Court made an error of law when it relied on a case applying the standard applicable to the Eighth Amendment rights of a convicted prisoner rather than the Fourteenth Amendment rights of a pretrial detainee.

Altering or amending a judgment pursuant to Rule 59(e) is permissible when there is newly discovered evidence or where there has been a manifest error of law or fact. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Gallup correctly notes that pretrial detainees "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, to establish a right to due process, a pretrial detainee must demonstrate either (1) an "expressed intent to punish on the part of detention facility officials" or (2) that the challenged condition or restriction lacked a reasonable relationship

2

to a legitimate, non-punitive administrative purpose. *Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979); *see also Love v. Kirk*, 360 Fed.Appx. 651, 653 (7th Cir. 2010).

Even if the Jail handbook states that medium classification inmates may use vending machines and microwaves, that does not create a right to those privileges. Gallup implies that these privileges were taken away from the inmates in his unit as punishment for the actions of another inmate who misused the vending machine. This is not enough to suggest an "expressed intent to punish" the plaintiff. There was no manifest error of law, and Gallup's motion for reconsideration will be denied.

Defendants Wearing and Schmaling have filed an answer to the complaint, and the Court will issue a separate scheduling order.

**IT IS THEREFORE ORDERED** that plaintiff Kenneth Lee Roberson's motion to withdraw (Docket #33) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff Kenneth Lee Roberson's claims against the defendants are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff Eric Paul Gallup's motion for reconsideration (Docket #25) is **denied**.

Dated at Milwaukee, Wisconsin, this 16th day of December, 2013.

**SO ORDERED,**

_____
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**